# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | Case No. 1:10CR00028-001 |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| **GOLDIE MAE JUSTICE,** | ) | By: James P. Jones |
| | ) | United States District Judge |
| Defendant. | ) | |

*Goldie Mae Justice, Pro Se Defendant.*

Goldie Mae Justice is currently serving a term of incarceration imposed by this court following her conviction for conspiring to illegally distribute oxycodone and methadone. She now moves to reduce her sentence based upon what she contends is newly discovered evidence that a now-deceased witness for the government at her sentencing lied about the quantity of drugs Justice had possessed in furtherance of the conspiracy. Because I have no authority to reconsider my prior sentence, the motion must be denied.

On May 2, 2012, following her guilty plea, I sentenced Justice to 108 months imprisonment. At sentencing, the principal disputed issues were the quantity of drugs attributable to the defendant, whether she had accepted responsibility for her role in the offense, and whether she had a leadership role in the conspiracy. Justice testified at the sentencing hearing. She claimed that she

was aware that her children, all of whom suffered from drug addiction, were selling drugs, but denied taking any part in the drug distribution herself. (Sentencing Hr'g Tr. 136-37, ECF No. 404.) Justice acknowledged having pain medication prescriptions from a doctor in Maryland, but claimed that she took the drugs as prescribed. (*Id*.) The government put on several witnesses, including Roger Hurley, Jennifer Justice and Tiffany Wise, who all testified to the contrary of Justice, and claimed to have witnessed Justice sell her prescription pills on multiple occasions.

After hearing all the evidence, I found credible the testimony of the government's witnesses. (*Id.* at 173.) Although this testimony was subject to some discredit, since all of the witnesses had agreed to testify in the hope for leniency in their own drug cases, their testimony was detailed, consistent and corroborative of the government's theory of the case. (*Id*.) Based on this testimony, I concluded that Justice was responsible for a substantial drug quantity. Moreover, based on Justice's denial of her conduct, I found that she was not entitled to a reduction for acceptance of responsibility. (*Id.* at 178-79.) Finally, over Justice's objection, I accepted the probation officer's recommendation that she receive a two level increase for her aggravating role in the conspiracy. (*Id.* at 179.)

Based upon these findings, I found that the defendant's Total Offense Level was 30, and, with a Criminal History Category of I, resulting in a guideline range of 97 to 121 months imprisonment. (*Id.*) Balancing the seriousness of the offense conduct and Justice's refusal to accept responsibility on one side, with her lack of prior criminal history on the other, I imposed a mid-range guideline sentence of 108 months. (*Id.* at 190-91.)[1]

Justice now seeks for this court to modify her sentence, claiming to have newly discovered evidence that the testimony relied upon by this court at sentencing was false. According to Justice, this revelation came about when Jennifer Justice, her mother-in-law, was on her death bed, and admitted that she and the two other witnesses knowingly fabricated testimony against Justice in order to reduce their own sentences. Justice has presented affidavits from three of her relatives who spent time with Jennifer Justice before she passed away. (Affs., ECF No. 461-1,-2,-3.) In these affidavits, the relatives claim that Jennifer Justice confessed to them that she, Roger Hurley, and Tiffany Wise conspired to provide false testimony that Goldie Justice had sold her prescription pills in exchange for leniency.

---

[1] Subsequently, I reduced Justice's sentence to 78 months pursuant to Amendment 782 and 18 U.S.C. § 3582(c)(2). (Order, ECF No. 441.)

Justice claims that these affidavits constitute "newly discovered evidence" that justify a sentence reduction pursuant to Federal Rule of Criminal Procedure 33. Rule 33(a), which permits the court to "vacate any judgment and grant a new trial if the interest of justice so requires," solely governs motions for a new trial, however, and does not apply to sentencing proceedings. *United States v. Morales*, No. RWT 11-cr-514, 2014 WL 204388, at *1 (D. Md. Jan. 17, 2014) ("Federal Rule of Criminal Procedure 33 applies only to cases in which a trial occurred."). Therefore, even if the affidavits constitute newly discovered evidence, Rule 33 does not provide any basis for the court to reduce Justice's sentence.[2]

Moreover, a court generally may not correct or modify a sentence of imprisonment once it has been imposed. *See* 18 U.S.C. § 3582(c). To the contrary, "[t]he law closely guards the finality of criminal sentences against judicial 'change of heart.'" *United States v. Blackshear*, 450 F. App'x 241, 242 (4th Cir. 2011) (unpublished) (quoting *United States v. Goodwyn*, 596 F.3d 233, 235 (4th Cir. 2010)). Therefore, a district court may not modify or reduce a sentence "unless the Bureau of Prisons moves for a reduction, the Sentencing Commission amends the applicable Guidelines range, or another statute or [Federal

---

[2] Further, even if Rule 33 did apply, Justice would not be entitled to relief because her motion was filed outside of the three-year time limit and is thus untimely. Fed. R. Crim. P. 33(b)(1).

Rule of Criminal Procedure] 35 expressly permits the court to do so." *Blackshear*, 450 F. App'x at 242 (citing 18 U.S.C. § 3582(c)).

The first two exceptions identified in § 3582(c) — a motion from the Bureau of Prisons or a guidelines amendment — are simply not present in this case. Nor does Rule 35, which permits the court to correct "clear errors" within 14 days after sentencing, or to reduce a sentence based the government's motion for substantial assistance, provide authority for the court to reduce Justice's sentence based on newly discovered evidence. *See United States v. Phillips*, 194 F. App'x 154, 155 (4th Cir. 2006) (unpublished) (holding that district court erred in modifying sentence based on defendant's age and declining health because Rule 35(a) "is not intended . . . for the court simply to change its mind about the appropriateness of the sentence") (internal quotation marks and citation omitted); *In re Katz*, No. 3:06MC00008, 2007 WL 1188000, at *1 (W.D. Va. Apr. 20, 2007) (finding that Rule 35(a) did not provide authority to reduce sentence where defendant essentially asked the court "to overrule its previous findings").

For these reasons, it is **ORDERED** that the Motion for Relief (ECF No. 461) is DENIED.

ENTER: August 18, 2015

/s/ James P. Jones
United States District Judge

-5-